IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INFRASTRUCTURE CONSULTING & ENGINEERING, PLLC, | : : : : Civil Action No. _____ |
| Plaintiff, | : : |
| v. | : **JURY TRIAL DEMANDED** |
| HDR ENGINEERING, INC., | : *Electronically filed.* |
| Defendant. | : : |

**COMPLAINT IN CIVIL ACTION**

AND NOW COMES the Plaintiff, INFRASTRUCTURE CONSULTING & ENGINEERING, PLLC, by and through its attorneys, JOHN W. ZOTTER, ESQUIRE, JOSEPH F. BUTCHER, ESQUIRE, ZIMMER KUNZ, PLLC, and FRANKLIN J. SMITH, JR., ESQUIRE, RICHARDSON PLOWDEN & ROBINSON, PA, and files the within Complaint in Civil Action, and in support thereof sets forth the following:

### I. The Parties

1. Plaintiff, Infrastructure Consulting & Engineering, PLLC (hereinafter "ICE"), is a limited liability corporation formed pursuant to the laws of the State of South Carolina with a principal place of business located at 1021 Briargate Circle, Columbia, South Carolina 29210.

2. Defendant, HDR Engineering, Inc. (hereinafter "HDR"), is a Nebraska corporation. Upon information and belief, HDR's principal place of business is located at 1917

S. 67th Street, Omaha, NE 68106-2973.  Additionally, HDR has an office at 11 Stanwix Street, Suite 800, Pittsburgh, PA 15222.

## II.  Jurisdiction and Venue

3. Jurisdiction of this Honorable Court is founded upon 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

4. Jurisdiction and venue of this Honorable Court is also proper because a substantial part of the events and work giving rise to the claims occurred in this judicial district.

## III.  Factual Background

5. Through a public-private partnership project, the Pennsylvania Department of Transportation (hereinafter "PennDOT") sought to replace approximately 558 structurally deficient bridges across the Commonwealth of Pennsylvania (the Rapid Bridge Replacement Project).

6. HDR is a member of the consortium known as Plenary Walsh Keystone Partners (hereinafter "the Consortium"), which was awarded the Rapid Bridge Replacement Project (hereinafter "the Project").

7. HDR is the lead design firm for the Project.

8. Walsh/Granite Joint Venture (hereinafter "Walsh/Granite JV") is a joint venture formed under the laws of the Commonwealth of Pennsylvania with the members of the joint venture being Walsh Construction Company II, LLC and Granite Construction Company, a corporation.

9. Walsh/Granite JV leads the construction of the Project.

10. HDR retained ICE, pursuant to an agreement dated April 6, 2015 (hereinafter "the Agreement"), to provide certain design and engineering services in connection with the Project.

11. The Agreement, and Modifications No. 1, set out the terms of work, scope and payment which was based on a "Target Price" method of billing where ICE is paid for its work using a multiplier of 2.92 of its raw labor rate to account for its labor (1.00) and overhead and profit (1.92) for all of its design and project management activities. ICE was to provide certain deliverables as part of the Project under the terms of the Agreement.

12. For bridges assigned to ICE, HDR set a design budget that was substantially less than the budget HDR negotiated with Walsh/Granite JV, putting undue financial hardship on ICE for the development of roadway, traffic control, right of way, hydrology and structure plans.

13. The design criteria, design directives, drawing templates, CADD Production Manual, Document Control and other Project Processes, as prepared by HDR, were not timely and properly developed and completed prior to the development and submittal of design and plan packages by ICE.

14. HDR's delays and failures led to additional time for ICE to revise and resubmit design and other deliverables to HDR and PennDOT.

15. HDR provided untimely, inconsistent and erroneous standards and directives to ICE during the Project, which led to delays, budget shortfalls, extra work and potential change orders and increased Project costs, all of which caused ICE substantial damages.

16. Despite the challenges it faced, ICE provided the deliverables to HDR, as set out in the Agreement and pursuant to HDR's requested changes, additions and modifications to ICE's scope of work.

17.     As part of its work on the Project, ICE requested multiple potential change orders ("PCOs") and performed additional work beyond the inadequate budgets HDR assigned to ICE totaling $826,096.53 for the additional work and PCOs.

18.     All of the additional work was at the request of or the result of actions and/or inactions of HDR.

19.     To date, HDR has not paid ICE for the additional work and PCOs at the contract agreed upon labor multiplier of 2.92.  HDR directed ICE to perform the additional work but did not provide ICE contract modification(s) to increase the limit of its Target Price.

20.     At no time did HDR notify ICE that the additional work would be paid at a labor multiplier of 2.0 instead of 2.92.  The net difference of 2.92 and 2.00 of 0.92 times the raw labor has not been paid to ICE, causing the outstanding accounts receivable balance of $826,096.53.

21.     As part of the monies owed to ICE, HDR is holding $141,617 of retainage owed to ICE under ICE's Agreement with HDR, which is not under dispute.

22.     As part of the monies owed to ICE, HDR is arbitrarily and without any explanation to ICE also withholding $84,609.39 for claims brought against HDR by Walsh/Granite JV due to HDR's management of the project and providing allegedly defective quantities during the procurement phase of the project, neither of which are attributable to ICE.

23.     Due to the prolonged withholding of significant payments due to ICE by HDR, ICE's owners have been forced to borrow from financial institutions in the form of loans and extension of working capital line of credits to pay for payroll and normal operational expenses. ICE has incurred substantial interest expense in excess of $75,000 due to these required borrowing activities.

24. Additionally, the Agreement provides that the nonprevailing party in the litigation shall pay, in addition to any judgment, reasonable attorneys' fees, prejudgment interest and costs incurred by the prevailing party as a result of the court proceedings.

## COUNT I – BREACH OF CONTRACT

25. Plaintiff incorporates herein by reference thereto the averments of Paragraphs 1 through 24 above as if the same were set forth at length below.

26. Pursuant to ICE's Agreement with HDR, and pursuant to HDR's requests for additional work, HDR agreed to compensate ICE for fees and costs related to ICE providing certain design and engineering services in connection with the Project.

27. Payment for these services (i.e., the additional work beyond and above the allocated budgeted hours and the PCO work), was never conditioned on HDR's receipt of payment for that work from either Walsh/Granite JV and/or PennDOT. Had ICE been advised that the additional work was subject to payment from Walsh/Granite JV and/or PennDOT, ICE would have required an upfront contract modification(s) to assure it will be properly reimbursed for its work using a contract labor multiplier of 2.92.

28. Those fees and costs include fees and costs related to the original scope of work under the Agreement, PCOs and additional work, performed at the request of HDR, as provided by ICE in connection with the Project.

29. The PCOs and additional work provided by ICE are the direct result of HDR's and/or CJV's attempt to revise the Final Construction Plans to lower the cost of the work, design changes requested by PennDOT, and the many inefficiencies, errors, requests and other actions and/or inactions of HDR.

30. HDR has failed to comply with the terms of the Agreement with ICE.

31. As a result of HDR's breach of contract, ICE has been damaged in that it is owed monies for work performed, PCOs and additional work performed as a result of HDR.

32. ICE is entitled to recover fees and costs owed to it, pre and post judgment interest, and interest owed on the balances due to ICE.

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendant in a sum in excess of $75,000, plus interest, attorney fees, allowable costs and other relief as the Court may deem appropriate.

## COUNT II – QUANTUM MERUIT/UNJUST ENRICHMENT

33. Plaintiff incorporates herein by reference thereto the averments of Paragraphs 1 through 32 above as if the same were set forth at length below.

34. The Plaintiff conferred a benefit on HDR by providing certain design and engineering services and Final Construction Plans for 69 out of 558 bridge sites for the Project.

35. The design and engineering services were provided pursuant to the Agreement and/or direct request of HDR.

36. HDR received the benefit of ICE's work in that HDR relied upon and utilized ICE's work in connection with the Project and used ICE's work as part of its work in connection with PennDOT and the Consortium.

37. HDR has gained benefits from the use of ICE's work in connection with the Project, and under these circumstances, it would be unjust to allow HDR to retain the value of ICE's services without payment.

38. Accordingly, the Plaintiff is entitled to recover $826,096.53 plus allowable interest from the Defendant based on the doctrine of quantum meruit/unjust enrichment.

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendant in a sum in excess of $75,000, plus interest, attorney fees, allowable costs and other relief as the Court may deem appropriate.

## A JURY TRIAL IS DEMANDED AS TO ALL CLAIMS

Respectfully submitted,

*/s/ John W. Zotter*
John W. Zotter (#58117)
E-Mail: zotter@zklaw.com
*/s/ Joseph F. Butcher*
Joseph F. Butcher (#86464)
E-Mail: butcher@zklaw.com
Zimmer Kunz PLLC
310 Grant Street, Suite 3000
The Grant Building
Pittsburgh PA, 15219
Tel: (412) 281-8000
Fax: (412) 281-1765


*/s/ Franklin J. Smith, Jr.*
Franklin J. Smith, Jr.
E-Mail:  fsmith@richardsonplowden.com
Richardson Plowden & Robinson, PA
P.O. Drawer 7788
Columbia, SC 29202
Tel: (803) 771-4400
Fax: (803) 779-0016
*(Motion for Pro Hac Vice Admission pending)*

*Attorneys for Plaintiff Infrastructure Consulting & Engineering, LLC*